UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROSE CONGROVE,

       Plaintiff,                     Case No. 2:07-cv-651
                                          JUDGE GREGORY L. FROST
   v.                                   Magistrate Judge Norah McCann King

PLIBRICO CO., LLC., et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss (Doc. # 4), Plaintiff's memorandum in opposition to that motion or alternatively motion for leave to file a more definite statement (Doc. # 10), and Defendants' reply brief (Doc. # 11). For the reasons that follow, the Court **DENIES** Defendants' motion and **GRANTS** Plaintiff's motion.

### I.  Background

This is an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. and Ohio Revised Code Chapter 4112. Plaintiff alleges that she was employed by Defendant Plibrico Co., LLC, that she is female, and that she was terminated. (Doc. # 1 ¶¶ 13, 14.)

On November 19, 2007, Defendants moved for dismissal for failure to state a claim upon which relief can be granted. (Doc. # 4.) Defendants argue that Plaintiff has failed to plead adequately under *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 27 S. Ct. 1955 (2007). Plaintiff opposes dismissal and in the alternative requests that she be allowed to file a more definite statement to remedy any shortcomings this Court may find in her complaint.

## II.  Standard Involved

"The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (2007) (citing *Twombly*, 127 S. Ct. 1955).  "The Court stated that 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly* 127 S. Ct. at 1964-65).  Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (quoting *Twombly*, 127 S. Ct. at 1964-65).  That is, the claims must be plausible and not merely conceivable. *Twombly*, 127 S. Ct. at 1974.

## III.  Analysis

Defendants argue that in *Sibley v. Putt*, No. 1:06CV74, 2007 WL 2840392, at *1 (S.D. Ohio Sept. 27, 2007), this Court applied " 'the heightened' pleading standard [from] *Twombly* and dismiss[ed] a pro se plaintiff's complaint under Rule 12(b)(6) . . . ." (Doc. # 4 at 4.)  In opposition, Plaintiff contends that *Sibley* did not apply a heightened pleading standard.  This Court agrees.  Indeed, *Sibley* specifically addressed this issue, stating:

> The Sixth Circuit has not directly applied the *Twombly* motion to dismiss standard yet.  However, in a footnote in a recent case, it indicates that *Twombly* did not heighten the standard.  The Court stated: "Moreover, although this case does not present the question of if, or exactly how, *Twombly* has changed the pleading requirements of Federal Rule of Civil Procedure 8(a), we note that in *Erickson v. Pardus, U.S.*, 127 S. Ct. 2197 (2007), decided after *Twombly*, the Supreme Court reaffirmed that Rule 8(a) 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Id.* at 2200 (internal quotation marks omitted).

2

*Sibley*, 2007 WL 2840392, at \*4-5 n.1 (citing *Lindsay v. Yates*, No. 06-4430, 2007 U.S. App. LEXIS 19338, at \*12-13 n.6 (6th Cir. Aug. 15, 2007).  Since *Sibley* was issued, however, the Sixth Circuit has applied *Twombly*, as this Court has set forth above.  *See Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.  That is, this Court must construe the complaint in favor of Plaintiff, accept the factual allegations contained in the complaint as true, and determine whether Plaintiff's factual allegations present plausible claims.  *See Twombly*, 127 S. Ct. at 1964-65.  The claims must be plausible and not merely conceivable.  *Id.* at 1974.  Here, Plaintiff has failed to meet that burden.

Anticipating that she failed to plead sufficiently her case, Plaintiff has asked for leave to file a more definite statement.  However, the more appropriate motion would have been a motion for leave to file an amended complaint.  Thus, this Court will accept Plaintiff's motion as one for leave to file an amended complaint.

Because Defendant has served a responsive pleading, Rule 15 of the Federal Rules of Civil Procedure requires Plaintiff to obtain either consent of the opposing party or leave of this Court to amend her complaint.  Permission should be freely given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court.  *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After considering all factors before it, the Court concludes that justice requires granting leave to amend. The parties have already agreed in their Rule 26(f) report (Doc. # 12) that motions to amend may be filed until February 29, 2008, and this Court adopted that date in its preliminary pretrial order (Doc. # 13). Thus, there is no apparent undue delay, bad faith or dilatory motive on the part of Plaintiff, nor does there appear to be any prejudice to Defendants by virtue of allowance of the amendment. Accordingly, the Court shall grant Plaintiff the opportunity to file an amended complaint within the time limit set in this Court's preliminary pretrial order.

### IV. Conclusion

Based on the foregoing, the Court **DENIES** Defendants' motion to dismiss (Doc. # 4), and **GRANTS** Plaintiff's motion to file an amended complaint (Doc. #10).

**IT IS SO ORDERED.**

>**/s/ Gregory L. Frost**
>**GREGORY L. FROST**
>**UNITED STATES DISTRICT JUDGE**